IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RODNEY MICHAEL REYNOLDS and
JAMES RICHARD REYNOLDS                                               PLAINTIFFS

v.                                    4:18-CV-00842-BRW

LITTLE ROCK SCHOOL DISTRICT, *et al.*                                DEFENDANTS

## ORDER

Pending are Defendants' Motions to Dismiss (Doc. Nos. 26, 31). Plaintiffs have responded.[1] For the reasons below, the motions are GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

Plaintiffs were both teachers in the Little Rock School District. According to their complaints, they were retaliated against after they questioned how Defendants were treating the special education programs and facilities where Plaintiffs worked.

Mr. James Richard Reynolds alleges that "[o]n May 19, 2015, he was harassed by Fields"[2] and his "date of separation" was June 16, 2015.[3] He filed his complaint on June 15, 2018.[4]

Mr. Rodney Reynolds filed his complaint on August 16, 2018 alleging that he was subjected to retaliation in the "Spring of 2015."[5] He asserts that his "last day of school" was August 17, 2015, but that "LRSD recorded the date of separation for [him] as January 7, 2016."[6]

---

[1] Doc. No. 34.

[2] No. 18-CV-00843 (E.D. Ark.), Doc. No. 2.

[3] Doc. No. 35-1.

[4] No. 18-CV-00843 (E.D. Ark.), Doc. No. 2.

[5] Doc. No. 2.

[6] Doc. No. 35-1.

1

Defendants assert that the statute of limitation (and other defenses) warrants dismissal of both Plaintiffs.

After Defendants' filed the Motions to Dismiss, Plaintiffs filed a 190-page Amended Complaint reciting grievances from 2008 through 2015.[7] Plaintiffs allege that they were "constructively discharged . . . over the course of 2015."[8] According to the Amended Complaint, "on May 29, 2015, James Richard Reynolds submitted his resignation notice to the Little Rock School District."[9] Rodney Michael Reynolds was on medical leave at the beginning of the 2015-2016 school year, but eventually resigned on December 17, 2015.

## II. DISCUSSION

Plaintiffs do not dispute that the statute of limitations for their claims is three years. However, they argue that "the basis of the claim is the teacher's contract, which had been renewed for both teachers for the 2015-16 academic year."[10] Plaintiffs appear to assert that the statute of limitations runs from the official date of their separation. I disagree. The statute of limitations commenced when Defendants allegedly violated Plaintiffs' rights, not when the employment contract concluded.[11]

---

[7]Doc. No. 41-1.

[8]*Id.*

[9]Doc. No. 41-1.

[10]Doc. No. 35-1.

[11]*Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) ("[T]the only alleged discrimination occurred–and the filing limitations periods therefore commenced–at the time the tenure decision was made and communicated to Ricks. That is so even though one of the effects of the denial of tenure–the eventual loss of a teaching position–did not occur until later.").

### A. James Richard Reynolds

According to the Amended Complaint, the last acts of alleged retaliation against James Richard Reynolds occurred before he resigned on May 29, 2015.[12] In fact, the original complaint asserted that the last act of retaliation was on May 19, 2015, when he was "harassed by Fields."[13] However, his complaint was filed on June 15, 2018 – outside the 3-year statute of limitations. No retaliatory actions are alleged to have occurred within the statute of limitations, so James Richard Reynolds's case is dismissed.

### B. Rodney Michael Reynolds

Originally Plaintiff Rodney Michael Reynolds asserted that the last retaliatory action against him happened in the Spring of 2015.[14] He filed his complaint on August 16, 2018. In the Amended Complaint Rodney Michael Reynolds alleges that he was on medical leave at the beginning of the 2015-2016 school year and that on December 11, 2015, "Eason told Reynolds that he could retire or be terminated, and that he needed to decide immediately."[15] Although it is not clear how Eason's actions are related to Plaintiffs' claims of First Amendment and Rehabilitation Act retaliation, dismissal is not appropriate based on the record before me.

---

[12] The original complaint noted that the last act of retaliation was on May 19, 2015, when he was "harassed by Fields."

[13] No. 18-CV-00843 (E.D. Ark.), Doc. No. 2.

[14] "In Spring of 2015, both Reynolds brothers were subjected to numerous occasions of harassment, retaliation, marginalization, and intimidation." Doc. No. 2.

[15] Doc. No. 41-1.

### C. Fields, Vinson, and Steele

Plaintiffs name Frederick Fields, Willie Vinson, and Cassandra Steele as Defendants. However, they have not alleged that any of these Defendants retaliated against them within limitations period. Accordingly, all three are dismissed.

### D. First Amendment Retaliation

"A public employee's speech is protected under the First Amendment if he spoke as a citizen on a matter of public concern, but a public employee's speech is not protected if he spoke pursuant to his official duties."[16] "A public employee's speech is pursuant to his employment duties if it is part-and-parcel of the employee's concerns about his ability to properly execute his duties. The First Amendment does not protect a public employee's speech if it owes its existence to his professional responsibilities."[17] Plaintiffs' allegations relate to their ability to properly execute their duties, and are not protected by the First Amendment. Plaintiffs repeatedly complained to supervisors about their belief that the LRSD was not complying with special education requirements and that the lack of compliance was affecting their ability to perform their jobs. Because this speech was not protected by the First Amendment, the retaliation claim fails.

## CONCLUSION

For the reasons set out above, Defendants' Motions to Dismiss (Doc. Nos. 26, 31) are GRANTED IN PART and DENIED IN PART as follows:

Plaintiff James Richard Reynolds is DISMISSED based on the statute of limitations. The Clerk of the Court is directed to file this Order in 4:18-CV-00843 and close the case.

---

[16] *Groenewold v. Kelley*, 888 F.3d 365, 371 (8th Cir. 2018).

[17] *Id.* (internal quotations and citations omitted).

4

Defendants Frederick Fields, Willie Vinson, and Cassandra Steele, as well as the First Amendment retaliation claims, are DISMISSED for failure to state a claim.

At this point, its seems to me that it would be helpful if Plaintiff Rodney Michael Reynolds filed an amended complaint setting out <u>only</u> the alleged Rehabilitation Act retaliation involving him that occurred within the limitations period. This amended complaint must be filed by 5 p.m., Thursday, January 16, 2020.

IT IS SO ORDERED this 2nd day of January, 2020.

<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE